

**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

Nicholas D. Meyers
Assistant U.S. Attorney
Nicholas.Meyers@usdoj.gov
(503) 727-1000
*Reply to Portland Office*

**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott E. Bradford
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

August 13, 2026

Larry Roloff
132 E Broadway # 233
Suite 1700
Eugene, OR 97401

> Re:    *United States v. Mark Gust*, Case No. 3:25-cr-00064-AN
>         Plea Agreement Letter

Dear Counsel:

1.    **Parties/Scope**:  This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.  This agreement does not apply to any charges other than those specifically mentioned herein.

The parties notify the Court of separate plea agreements between defendant and the Marion County District Attorney's Office and Linn County District Attorney's Office resolving certain state matters. This disclosure is for the Court's awareness only. This federal plea agreement is not contingent on the consummation, approval, or terms of any state resolutions, and the USAO makes no representations regarding any state action.

2.    **Charges**:  Defendant agrees to plead guilty to Count One of the Indictment, which charges the crime of Possession with Intent to Distribute Fentanyl, in violation of Title 21 U.S.C. Section 841(a)(1) and (b)(1)(B)(vi); and Count Two, of the Indictment, which charges the crime of Felon in Possession of a Firearm, in violation of Title 18, United States Code, Section 922(g)(1).

3.    **Penalties**: Count One carries a maximum sentence of forty years' imprisonment, a mandatory minimum sentence of five-years imprisonment, a fine of up to $5 million, a four-year term of supervised release, and a $100 fee assessment.  Count Two carries a maximum sentence

Revised June 2023

Re: Gust Plea Agreement Letter
Page 2

of fifteen years' imprisonment, no mandatory minimum sentence, a fine of up to $250,000, a three-year term of supervised release, and a $100 fee assessment. Defendant agrees to pay the fee assessment by the time of sentencing or explain to the Court why this cannot be done. Defendant understands that if a mandatory minimum sentence is required, this may restrict the application of downward departures, adjustments, and variances in some cases.

4.    **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5.    **Elements and Factual Basis**:    The parties stipulate and agree to the following essential elements and factual basis occurring in the District of Oregon. As to Count One, there are three elements:

(1) Defendant knowingly possessed N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl);

(2) Defendant possessed it with the intent to distribute it to another person;

(3) Defendant knew that it was fentanyl or some other federally controlled substance.

As to Count Two, there are four elements:

(1) Defendant knowingly and unlawfully possessed a firearm;

(2) The firearm had previously been transported in interstate and/or foreign commerce;

(3) At the time he possessed the firearm, he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year; and

(4) Defendant knew he had been convicted of a crime punishable by a term of imprisonment exceeding one year.

Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant has committed each of the elements of the crime to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty plea. The following facts are true and undisputed.

On January 29, 2025, law enforcement officers in Salem, Oregon observed a grey sedan with no license plate, and attempted to follow it. Officers lost sight of the vehicle, but received a

Revised June 2023

Re: Gust Plea Agreement Letter
Page 4

8.    **Advisory Guideline Calculation**: The parties stipulate and agree to the applicability of the following base offense level and adjustments:

| | | | |
|---|---|---|---|
| (1) U.S.S.G. § 2D1.1(c)(8) | - Base offense level | 24 |
| (2) U.S.S.G. § 2D1.1(b)(1) | - Dangerous Weapon | +2 |
| (3) U.S.S.G. § 3C1.2 | - Reckless Endangerment | +2 |
| (4) U.S.S.G. § 3E1.1 | - Acceptance | - 3 |
| | | = 25 |

9.    **No Enhancement**:  The USAO agrees not to file for a sentencing enhancement under 21 U.S.C. § 851 if defendant has any prior felony drug convictions.  This agreement will lapse at the plea offer deadline listed below.

10.    **Sentencing Recommendation**: Based on the negotiations between the parties and taking into account the factors set forth in 18 U.S.C. § 3553(a), the USAO and defendant will **jointly recommend a 117-month prison sentence**, even if 117 months is above or below the applicable advisory guideline range as ultimately determined by the Court.  The parties further agree to jointly recommend a four-year term of supervised release.

It is the intention of the parties that the jointly recommended 117-month prison sentence run **concurrent** to any period of imprisonment imposed in the following state criminal matters:

- Case No. 21CR40943
- Case No. 21CR43365
- Case No. 22CR03353

11.    **Additional Departures, Adjustments, or Variances**:  The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement.  Defendant reserves the right to seek a downward departure, adjustment, or variance from the applicable sentencing guideline range determined by the Court and understands that the government reserves its right to oppose such a request.

Defendant agrees that, should defendant seek a downward departure, adjustment, or variance from the applicable guideline range determined by the Court and Probation Office, defendant will provide the government with notice of: (1) the factual basis for such request; (2) any evidence defendant intends to introduce or rely upon at the sentencing hearing; and (3) any witnesses, including expert witnesses, defendant intends to call or rely upon at the sentencing hearing. Such notice must be provided to the government no later than the Wednesday prior to the week during which the sentencing hearing is scheduled.  Defendant agrees that if defendant

Revised June 2023

Re: Gust Plea Agreement Letter
Page 5

fails to comply with this notice requirement, defendant will not oppose a government motion for a postponement of the sentencing hearing.

12.    **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that defendant's conviction under this agreement is vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

13.    **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

14.    **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

15.    **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea. If defendant believes that the government has breached the plea agreement, he must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, he has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

16.    **Forfeiture Terms**:
    A.    Assets and Authority: By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to all assets which are subject to forfeiture pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 924(d) and 28 U.S.C. § 2461, including the firearm identified in the Indictment.

Revised June 2023

Re: Gust Plea Agreement Letter
Page 6

B.    Agreement to Civil Forfeiture:  Defendant agrees not to file a claim or withdraw any claim already filed to any of the listed property in any civil proceeding, administrative or judicial, which may be initiated.  Defendant further waives the right to notice of any forfeiture proceeding involving this property and agrees not to assist others in filing a claim in any forfeiture proceeding.

C.    No Alteration or Satisfaction:  Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets.  Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure.  Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture.

D.    Title Assistance:  Defendant agrees to fully assist the USAO in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States, including but not limited to surrender of title and execution of any documents necessary to transfer defendant's interest in any of the above property to the United States, and assist in bringing any assets located outside the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.

E.    Assets Not Identified:  The USAO reserves its right to proceed against any remaining assets not identified either in this agreement or in the civil actions which are being resolved along with this plea of guilty, including any property in which defendant has any interest or control, if said assets, real or personal, tangible or intangible, are subject to forfeiture.

F.    Final Order of Forfeiture:  Defendant agrees not to contest entry of a Final Order of Forfeiture reflecting these forfeiture terms at the conclusion of the criminal case.

17.    **Memorialization of Agreement**:  No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court.  If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

///

///

///

Re: Gust Plea Agreement Letter
Page 7

18.    **Deadline**:  This plea offer expires if not accepted by **August 13, 2026**.

Sincerely,

SCOTT E. BRADFORD
United States Attorney

*/s/ Nicholas D. Meyers*
NICHOLAS D. MEYERS
Assistant United States Attorney

Revised June 2023

Re: Gust Plea Agreement Letter
Page 3

dispatch a few minutes later that emergency personnel were responding to a crash of a grey sedan in a nearby parking lot. Emergency personnel, who were attending to an unrelated emergency in the parking lot before the grey sedan crashed, observed the grey sedan accelerate at high speed on Center Street, swerve into the parking lot, and head toward them. The grey sedan crashed into a nearby curb, and emergency personnel rushed to render aid. Emergency personnel observed the defendant in the driver's seat of the car. Emergency personnel observed defendant remove a Bersa .38 caliber handgun from his waistband, whereupon they took the gun from defendant's hand and safely cleared it. Law enforcement officers subsequently arrived on the scene and placed defendant under arrest. A subsequent inventory of the grey sedan's contents found 8.9 grams methamphetamine, 81.9 grams fentanyl, 17.6 grams heroin, drug packaging materials, and 2 drug scales in the backseat of the vehicle. Officers also seized incident to arrest $4800 of cash in defendant's pants pockets.

The above-referenced firearm was manufactured outside of Oregon and therefore moved in interstate and/or foreign commerce. Defendant has the following prior felony convictions: Delivery of Methamphetamine (2023, Marion County); Delivery of Methamphetamine (2007, Marion County); Controlled Substance Offense (1998, Marion County); Controlled Substance Offense (1993, Marion County); Delivery of a Controlled Substance (1989, Marion County). At the time defendant possessed the above-referenced firearm, he knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

6.      **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). The parties agree that a Presentence Report (PSR) will be prepared and will not be waived. Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7.      **Acceptance of Responsibility**: Defendant must demonstrate to the Court that he fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for his unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

///

///

///

///

Re: Gust Plea Agreement Letter
Page 8

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

8-13-26
Date

Mark Gust, Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

8-13-26
Date

Larry Roloff, Attorney for Defendant

Revised June 2023